

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 3, 2018

**BY ECF**

The Honorable Colleen McMahon
Chief United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    ***United States* v. *Travis George*, 18 Cr. 180 (CM)**

Dear Chief Judge McMahon:

      The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for July 10, 2018 at 11:00 a.m.  For the reasons explained below, the Government submits that a sentence within the Stipulated Guidelines Range of 24 to 30 months followed by three years of supervised release would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

**A.  Factual Background**

      This case arises from the defendant's willful attack on several United States deputy marshals.  (*See* PSR ¶ 13).

      George was detained pending his trial before Judge Buchwald on a three count Indictment charging him with Conspiracy to Commit Hobbs Act Robbery, Hobbs Act Robbery and Use of a Firearm in Connection with Hobbs Act Robbery.  On the morning of February 1, 2018, while readying for transport from the Metropolitan Correctional Center ("MCC") to 500 Pearl, George warned "all you Marshals are going to have a problem today."  (PSR ¶ 11.)  After his warning, George changed from his prison jumpsuit into courtroom attire.  (*Id.*)  George then placed his hands on the wall but refused to allow law enforcement officers to place restraints on him.  (*Id.*)  Instead, George yelled:  "your Marshals are going to have a fucked up day," and "Marshals are going to get fucked up."  (PSR ¶ 12.)  George continued to refuse the officers efforts to place restraints on him.  A scuffle ensured.

      George punched a deputy United States Marshal ("Victim-1") in the head.  (PSR ¶ 13.) George swung, a second time, and struck a second deputy United States Marshal ("Victim-2") in the neck.  A third deputy United States Marshal ("Vicitm-3") was injured during the fight as well—

receiving a laceration to his knee.  (Complaint, dated February 2, 2018, Dkt. 1 ("Compl.") ¶ 7.h.)
Victim-1 and Victim-2 were treated at the hospital and released the same day.  (*See* PSR ¶ 14.)
The day after the incident, the defendant was acquitted of the Hobbs Act Robbery charges and was
arrested for his actions in this case.  George has been incarcerated on charges in this case since
February 2, 2018.

**B.  The Defendant's Submission**

The defendant's sentencing submission argues for time served.  The defendant contends
that such a sentence is warranted because the victims' injuries were not severe and because
George's "outburst" needs to be placed in "context."  (Defendant's Sentencing Submission, dated
June 26, 2018, Dkt. 15, ("Def. Submission") at 1.)  The context that the defendant requests the
Court understand is that months prior to the assault, George severed his Achilles tendon and
required surgery, which did not adequately heal the injury.  (*Id.* at 3.)  And that the date of the
assault was the same day that George was scheduled to testify at his trial.  (*Id.* At 4.)  Given the
stress of testifying and because he did not have adequate time to prepare with his counsel for his
testimony he was "nervous."  (*Id.*)  Those nerves gave way to what the defendant characterizes as
"inappropriate comments" made to deputy U.S. Marshals.  (*Id.* citing PSR ¶ 14).)  George further
contends that handcuffs were used on his ankles, further injuring him, and, then, George "lashed
out" by punching two deputies in the head and neck and scuffling with others.  (*Id.* at 5.)

**C.  Discussion**

**1.  Applicable Law**

The Guidelines still provide important guidance to the Court following *United States v.
Booker*, 543 U.S. 220 (2005), and *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005).  Indeed,
although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in
place and that district courts must "consult" the Guidelines and "take them into account" when
sentencing.  *Booker*, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin
all sentencing proceedings by correctly calculating the applicable Guidelines range," which
"should be the starting point and the initial benchmark."  *Gall v. United States*, 552 U.S. 38, 49
(2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in
Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense
and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing,
as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any
relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted
sentence disparities among defendants"; and (7) "the need to provide restitution to any victims,"
18 U.S.C. § 3553(a)(1)-(7).  *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence
sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)    to afford adequate deterrence to criminal conduct;

(C)    to protect the public from further crimes of the defendant; and

(D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**2.   A Sentence Within the Stipulated Guidelines Range Is Reasonable in This Case**

The 18 U.S.C. § 3553(a) factors particularly applicable here include the need for the sentence to reflect the nature and seriousness of the offense, to afford adequate deterrence to this defendant, to deter others and to promote respect for the law.  18 U.S.C. § 3553(a)(2)(A)-(C). These considerations weigh in favor of a sentence within the Stipulated Guidelines Range.

*First*, a sentence within the Stipulated Guidelines Range would appropriately reflect the nature and seriousness of the defendant's conduct.  The defendant assaulted two deputy Untied States Marshals and in the course of doing so injured a third.  This attack was not, despite what the defendant's sentencing submission appears to argue, the result of sudden outburst; rather, the defendant was intent on causing a problem with the law enforcement officers that day.  This is clear because before the assault the defendant threatened them:  "all you Marshals are going to have a problem today."  (PSR ¶ 11.)  Any claim that the violent assault was solely caused by the officers purportedly placing handcuffs on the defendant's ankles is undercut by the defendant's own words on the day he attacked the victims.

*Second*, a sentence within the Stipulated Guidelines Range is necessary to afford adequate deterrence to the defendant and others similarly situated, and to promote respect for the law.  The United States Marshal Service and Bureau of Prison employees are responsible for housing and ensuring the safety of as many as 2,665 inmates at the MCC and MDC.[1]  They do so with far fewer officers than there are inmates.  The safety of those officers depends upon inmates' self-restraint and willingness to express frustration without resorting to violence.  The Government does not doubt that the defendant was under extraordinary stress while on trial, scheduled to testify, and unable to prepare for as long as he wished.  However, that does not justify violently assaulting two deputy marshals.  Indeed, a sentence within the Stipulated Guidelines range is particularly important here because it sends a message to thousands of inmates that violence against law enforcement officers will not be tolerated in this District.

In sum, a sentence within the Stipulated Guidelines Range would adequately balance the various considerations under § 3553(a) and achieve the statute's stated objectives.

---

[1]    *See*   https://www.bop.gov/locations/institutions/nym/   and   https://www.bop.gov/locations/institutions/bro/.

**D. Conclusion**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the Stipulated Guidelines Range of 24 to 30 months' imprisonment, followed by three years of supervised release, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:_____/s/_____
    Ryan B. Finkel
    Assistant United States Attorney
    (212) 637-6612

cc:    Deborah Colson, Esq. (by ECF)